**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11953
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BRIAN STANTON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00032-MW-MAF-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON,
Circuit Judges.

PER CURIAM:

Brian Stanton appeals his 300-month mandatory minimum
sentence of imprisonment after a jury convicted him of conspiring

to distribute 500 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, 851. The district court required Stanton's sentence to run consecutive to two unrelated sentences. Stanton argues that his sentence is substantively unreasonable. We affirm.

## I. BACKGROUND

In 2019, multiple law enforcement agencies investigated the trafficking of methamphetamine into the Northern District of Florida. The agencies arrested several individuals, including Stanton, who authorities identified as the source of the methamphetamine and who was in the custody of the Bureau of Prisons. Investigators determined that he was responsible for trafficking large amounts of methamphetamine from Atlanta, Georgia, to South Carolina, Kentucky, and Illinois. "Little Mama," one of the individuals he relied on to help him, was a physically disabled woman he had met on a dating website.

A superseding indictment charged Stanton with conspiring to distribute 500 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. It also identified three of his previous felony drug convictions. Stanton pleaded not guilty, represented himself at trial, and was found guilty.

Stanton's presentence investigation report reported a base offense level of 38, United States Sentencing Guidelines Manual § 2D1.1(a)(5), (c)(1) (Nov. 2021), a 4-level enhancement for his "extensive" participation as the leader of the methamphetamine trafficking operation, *id.* § 3B1.1(a), and a 2-level enhancement for

erasing the contents of a contraband cell phone he possessed while in federal custody after authorities learned about the operation, *id.* § 2D1.1(b)(16)(D), for a total offense level of 43, *id.* ch. 5, pt. A, cmt. n.2. The report calculated a criminal history category of VI based on 17 criminal history points from five convictions, four of which involved controlled substances, and for committing the instant offense while incarcerated. With an offense level of 43 and a criminal history category of VI, Stanton's guideline range for conspiring to distribute methamphetamine was life imprisonment. The report stated that Stanton was subject to an enhanced statutory minimum term of imprisonment of 25 years. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, 851. The report also described Stanton's history of substance abuse. Stanton, then 38, began using drugs at 14. At 15, he was admitted to a rehabilitation program for substance abuse. He had been court-ordered to attend substance abuse treatment programs and recommended for the Bureau's Residential Drug Abuse Program.

Stanton, who was represented at sentencing, advocated for a 300-month concurrent sentence. He explained that, if the district court did not consider that sentence to be sufficient, it could "take small slices on the way up" from 300 months until it was satisfied with the length of the sentence and run it concurrent to his other sentences. The district court acknowledged that there were mitigating factors in Stanton's favor, but that the aggravating factors outweighed those factors. It found that Stanton had conspired to distribute methamphetamine from prison after having already been sentenced to 20 years on another conviction for a similar

offense and determined that the earlier sentence had "clearly had no . . . deterrent effect." It also found that Stanton had distributed a "tremendous" amount of methamphetamine over an extended period, "manipulated" Little Mama, "a handicapped woman who was desperate to be loved," and endangered her. The district court sentenced Stanton to a 300-month mandatory minimum sentence, to run consecutive to his unrelated 100-month sentence for possessing a firearm as a felon and 240-month sentence for conspiring to distribute methamphetamine.

## II. STANDARDS OF REVIEW

We review a sentence for reasonableness, a deferential standard of review for abuse of discretion. *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020). A district court abuses its discretion when it "fails to afford consideration" to statutory sentencing factors that were "due significant weight," "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment in considering the proper factors." *Id.* at 1257 (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)). We also review a decision to run a sentence consecutive to another sentence for abuse of discretion. *Id.*

## III. DISCUSSION

Stanton argues that the district court gave too much weight to his aggravating factors. Had the district court adequately considered his mitigating factors, he explains, it would not have imposed a 300-month consecutive sentence. We disagree.

The district court did not abuse its discretion. The district court reasonably gave substantial weight to the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1). Despite an earlier prison sentence for conspiring to distribute methamphetamine, Stanton—while incarcerated—orchestrated an extensive, multi-state methamphetamine trafficking operation, used others to ensure its success, and erased the contents of a contraband cell phone once authorities learned about it. He has yet to be deterred.

The district court also did not abuse its discretion in running Stanton's sentence consecutive to his other sentences. *See Gomez*, 955 F.3d at 1257. It explained that running a 300-month mandatory minimum sentence concurrent with Stanton's other sentences would amount to a five-year sentence, and it reasonably concluded that such a sentence would be insufficient based on the nature of the offense and Stanton's past criminal history. We cannot say the district court committed a clear error of judgment in imposing a 300-month consecutive sentence, a mandatory minimum sentence well below the statutory maximum. *Id.* (quoting *Irey*, 612 F.3d at 1189).

## IV. CONCLUSION

We **AFFIRM** Stanton's sentence.